UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK B. YONATY,

                      **Plaintiff**

               v.                                    3:04-CV-605
                                                       (FJS/DEP)

AMERADA HESS CORPORATION,

                      **Defendant.**
_____

**APPEARANCES**                                             **OF COUNSEL**

**HINMAN, HOWARD & KATTELL, LLP**       **ALBERT J. MILLUS, JR., ESQ.**
700 Security Mutual Building
80 Exchange Street
Binghampton, New York 13902
Attorneys for Plaintiff

**FRIEDMANN KAPLAN SEILER &**          **PAUL J. FISHMAN, ESQ.**
**ADELMAN LLP**                                       **LANCE J. GOTKO, ESQ.**
1633 Broadway
New York, New York 10019
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      By Memorandum-Decision and Order dated June 20, 2005, the Court granted Defendant's motion for summary judgment in part and denied it in part. Currently before the Court is Plaintiff's motion requesting that the Court certify that decision as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiff operated a Hess gasoline station as an independent franchisee for Defendant pursuant to dealer agreements entered into in August 1998 and March 2001. By summer 2002, Plaintiff became aware that he could not compete with nearby stations that Defendant owned. In August 2003, Plaintiff stopped selling gasoline and closed the station.[1]

Thereafter, Plaintiff filed his Complaint asserting three claims: (1) breach of the contractual duty of good faith; (2) constructive termination of his franchise without just cause, in violation of New York General Business Law § 199-c(1); and (3) constructive termination of his franchise without just cause, in violation of 15 U.S.C. § 2802, the Petroleum Marketing Practices Act ("PMPA").

Plaintiff's first claim for breach of contract alleges that Defendant breached the dealer agreement by (1) pricing its gasoline at unreasonable levels, (2) underselling Plaintiff at its nearby stores, (3) preventing Plaintiff from expanding his product line, (4) failing to upgrade and maintain Plaintiff's station, (5) neglecting Plaintiff and adopting an adversarial attitude towards him, (6) imposing onerous credit terms on Plaintiff, (7) failing to deliver gasoline in a timely fashion, (8) offering and promoting services at its company stores without providing those services to Plaintiff, and (9) actively seeking to eliminate its independent dealer network.

Plaintiff's second claim incorporated these allegations and asserted that "[t]he totality of defendant's conduct as described herein, including but not limited to its onerous pricing policy,

---

[1] A full recitation of the facts can be found in the Court's June 20, 2005 Memorandum-Decision and Order. *See* Dkt. No. 24.

culminating in its refusal to extend credit to plaintiff and plaintiff's consequent inability to continue in business, constituted a constructive termination and cancellation without just cause of plaintiff's franchise . . . in violation of New York General Business Law § 199-c(1)." *See* Complaint at ¶ 54.

Plaintiff's third claim also incorporated these allegations with the same language, except that it alleged a constructive termination of Plaintiff's franchise without just cause in violation of the PMPA.

By Memorandum-Decision and Order dated June 20, 2005, the Court granted Defendant's motion for summary judgment in part and denied it in part. After determining that the PMPA preempted Plaintiff's second claim, the Court turned to Plaintiff's other claims. Regarding the first claim, which alleged breach of contract, the Court found that no genuine issue of material fact existed regarding Defendant's alleged bad faith in pricing gasoline, underselling of Plaintiff at nearby company stations, and limiting his product line, and the Court granted summary judgment on these issues to Defendant.[2] Concerning Plaintiff's third claim, which alleged PMPA violations, the Court found that genuine issues of material fact existed regarding Defendant's alleged failures in delivering gasoline in a reasonable time and maintaining the station.[3]

---

[2] However, the first claim remains viable because the Court determined that genuine issues of material fact existed regarding Plaintiff's allegations of Defendant's bad faith in failing to maintain the station, refusing to extend credit, failing to deliver gasoline in a reasonable time, and providing services to company stores but not to Plaintiff's franchise.

[3] The Court also granted Defendant's motion to strike Plaintiff's jury demand with respect to the first claim and denied the motion with respect to the third claim.

### III. DISCUSSION

Plaintiff moves for the Court to certify its June 20, 2005 Memorandum-Decision and Order as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[4] Such certification would allow Plaintiff to pursue an interlocutory appeal. In support of his motion, Plaintiff essentially argues that his gasoline pricing allegations should be considered separate "claims" from his other allegations.

In response, Defendant argues that Plaintiff is seeking certification for mere parts of claims or individual theories of recovery and that, except for Plaintiff's preempted second claim for relief, the Court did not finally adjudicate an entire claim to enable proper Rule 54(b) certification.

There is a general "'federal policy against piecemeal appeals,'" and courts should use their Rule 54(b) power to enter final judgment before an entire case is concluded only "'sparingly.'" *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir.

---

[4] Rule 54(b) states, in pertinent part:

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision . . . which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

1997) (quotations omitted). The reason for this rule is to avoid redundant appeals involving the same operable facts and law. *See Gidatex, S.R.L. v. Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 346 (S.D.N.Y. 1999) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)). Therefore, Rule 54(b) certification is appropriate only when there is "'no just reason for delay'" in allowing an appeal such that non-certification would create a danger of hardship or injustice by requiring the entire case to be adjudicated prior to appeal. *See Advanced Magnetics*, 106 F.3d at 16 (quotation omitted).

To avoid redundant appeals, courts should only certify distinct claims as final judgments; in cases comprised of multiple claims, "the rule requires that the entirety of at least one of those claims be decided with finality." *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2657 (3d ed. 1998). Courts should not use Rule 54(b) to allow appeals of part of a single claim or a single theory of recovery among several asserted theories. *See Leopold v. Fitzgerald*, 421 F.2d 838, 839 (2d Cir. 1970) (quotation and other citations omitted).

Plaintiff asserted three distinct claims: breach of contract, violation of New York General Business Law, and violation of the PMPA. In support of each of these causes of action, Plaintiff asserted essentially the same factual allegations involving discriminatory pricing of gasoline, extension of credit, and other matters. In its June 20, 2005 Memorandum-Decision and Order, the Court distinguished between the various theories and found that Plaintiff failed to raise a genuine issue of material fact on several. However, the Court did not grant summary judgment

on Plaintiff's first or third claims as a whole because other theories remained viable.[5]  Therefore, the Court finds that its June 20, 2005 Memorandum-Decision and Order did not decide the entirety of any asserted cause of action.[6]

### IV. CONCLUSION

Accordingly, having reviewed the entire file in this matter, as well as the parties' submissions in support of, and in opposition to, Plaintiff's motion, the Court hereby

**ORDERS** that Plaintiff's motion for certification of the Court's June 20, 2005 Memorandum-Decision and Order as a final judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 26, 2007
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[5] Plaintiff's counsel recognized that these two causes of action remain legally viable. *See* Letter from Alfred J. Millus, Jr. to Magistrate Judge Peebles, dated February 23, 2006, at 2. In addition, Plaintiff's counsel also recognized that the asserted claims "overlap[ped] significantly" and involved allegations that were "interrelated." *See id.*

[6] Although the Court granted Defendant summary judgment on Plaintiff's entire second cause of action, Plaintiff's arguments in support of its motion for certification of the judgment address only the gasoline pricing issues and do not address the second claim for relief. However, to the extent that Plaintiff is requesting certification of that aspect of the Court's decision, the Court finds that it cannot certify that determination because the factual allegations and legal arguments in the second cause of action are interrelated to those in the first and third causes of action, which the Court declines to certify. *See Gidatex*, 73 F. Supp. 2d at 346.